Anderson, J.,
delivered the opinion of the court.
This cause is brought here by the plaintiff in error, who was also plaintiff below, by writ of error to the judgment of the circuit court of Richmond affirming the judgment of the county court of Pittsylvania. The cause was first tried in the circuit court of Pittsylvania upon an issue of non-assumpsit, which was the only issue. The jury rendered a verdict for $1,092.94, with interest, for which there was judgment. Upon motion of the'defendants, •“ the court ordered that the said verdict and judgment should be set aside and a new trial granted the defendants, upon condition that they would pay costs of this trial, and agree that upon any future trial of this cause, it should be tried solely upon the issue already made up, without any additional plea; and thereupon the defendants agreed to said conditions, and the said verdict and judgment were accordingly set aside and a new trial granted.” At a subsequent day the cause was removed to the county court of Pittsylvania county.
The court is of opinion that the judge of the circuit court had the power, in the exercise of a sound discretion, to restrict the new trial to a particular issue, and consequently to the issue which had been made in the first trial, and to grant the new trial upon the conditions recited. Other terms than the payment of costs may be *250 imposed on the party applying for a new'trial. The new trial may be limited to a single point. Hilliard on New 2d edition, p. 68, citing Lainey v. Bradford, 4 Rich. R. 1. The practice of granting a new trial after j udgment as to part, and letting the judgment stand for the residue of the demand sued for, although sometimes questioned, is held to have been too long sanctioned now to be disturbed. Ibid., citing Edwards v. Lewis, 18 Alab. R. 494. A new trial may be ordered upon a particular-question without reopening the whole ease. Ibid., p. 69, citing Thwaites v. Sainsbury, 7 Bing. R. 437, where the new trial was ordered, but upon conditions of payment of costs, bringing into court the sum claimed, and restricting the second trial to a single point.
In Graham & Waterman on New Trials, Vol. I, p. 604, the author says: “ The terms imposed on setting aside verdicts, in addition to costs, may be divided into ordinary and extraordinary.” “The extraordinary terms arise out of the merits of the case, the relative situation of rhe parties, the probable consequences of delay, the advantage or disadvantage which may result to either party from the state of the pleadings, the prejudice which may result to the prevailing party from opening the whole case; ” these, and other considerations which he mentions,, he says, “ all press upon the mind of the court, and call for salutary conditions to accompany the relief granted.” And he adds: “To accomplish at the same time the claims of justice by sending the case to another jury, and protect the rights of the party in possession of the verdict, the courts will direct the requisite stipulations tO' be inserted in the rule.” After citing many cases in which conditions had been imposed, he says: “It may be safely asserted, that no case can occur presenting circumstances timely addressed to the discretion of the court, in which the rights of the parties may.not be fully protected by the imposition of conditions meeting the exigency.”
*251 In Thwaites v. Sainsbury, 20 Eng. Com. L. R. p. 198, 7 Bingham, supra, the court observing that in causes where the defence was set out in pleading, the would on a second trial be necessarily confined to the issues which were on the record at the first trial, and that it was expedient the same course should be pursued where a particular line of defence had been relied on under the general issue, imposed the following conditions on the defendant: payment of costs, bringing into court the money sought to be recovered, and limiting the enquiry on the new trial to a single point. If the court could limit the enquiry to a single point, which was within the line of defence at the former trial, it could surely confine the party to the issue which was made up at the first’ trial. It is not necessary for the court to go .to the extent of the cases cited to reach the conclusion to which we have been brought in this case. And there is nothing in our statute law which takes away from the courts or impairs their inherent and essential power to impose other preceden^ conditions than the payment of costs upon the party applying for a new trial.
But it was contended by the learned counsel for defendants, that the circuit court of Pittsylvania did not properly exercise a sound discretion in thus restricting the defendants to the issue made at the first trial. How can it be so held by the appellate tribunal ? The facts which show the grounds- upon which the circuit court imposed that condition, are not set out, and do not appear in the record. It was competent for the defendants to have objected to it and refused to accept the new trial upon that condition, and to have taken exceptions to the ruling of the court requiring it, and had the.facts certified, which would have enabled the appellate court to review the grounds upon which the court of trial, in the exercise of its discretion, deemed it proper to grant the new trial only with such restriction. But the defendants *252 did not deem it judicious for them to pursue that course, but, on the contrary, they agreed to accept the condition, which agreement was entered of record. They are after-wards estopped to object to it; and if they were not, the facts upon which the ruling of the court was founded are not set out in the record, so as to enable this court to determine that the ruling of the circuit court was erroneous. And upon the principle that what has been done by a court of competent jurisdiction, must be presumed to have been rightly done until the contrary appears, we cannot say that there was error in the ruling of the circuit court now objected to.
The court is also of opinion that it Was not competent for the county court, to which the cause was removed, to revise and set aside the order of the circuit court restricting the new trial as aforesaid, or to change the terms upon which the new trial was granted to the defendants by the circuit court. The circuit court only, before whom the first trial was had, was competent to determine whether a new trial should be granted, and to decide upon what terms it should be granted; subject, of course, to review by the appellate court, upon an exception to its decision, with the facts spread upon the record. If the same court before whom the trial was had and the evidence was given, could, at a subsequent term, revise its order and remove the restriction, it could not be done by another court, even of equal jurisdiction, who had not heard the evidence at the first trial and was not cognizant of the facts and considerations upon which the court before whom the first trial was had deemed it proper to impose the condition upon which a new trial would be granted. The court is of opinion, therefore, that the county court erred in not restricting the new trial to the issue which had been made up at the first trial, and in admitting the pleas of the defendants, which put new matters in issue; and that the circuit *253 court of Richmond, to which the cause was removed, erred in affirming the judgment of the county court by which the errors aforesaid were committed.
The court is further of opinion that the defendants are entitled to a new trial upon the issue which was of record at the first trial, by the order of the circuit court of Pittsylvania, and which, it seems, was the only issue upon which they sought a new trial, notwithstanding the error of the county court in allowing the new trial tó be had on other issues; and that therefore it would not be proper now to enter up a judgment upon the verdict of the jury on the first trial.
Upon the whole the court is of opinion to reverse the judgment of the circuit court of Richmond, and to remand the cause, with instructions to reverse the judgment of the county court of Pittsylvania county, set aside the verdict of the jury upon the trial in that court, and the issues upon the new pleas of the defendants, and to award a venire facias de novo, to try the cause again; and if in the the further progress of the cause, the new pleas filed by the defendants at the second trial and upon which the plaintiff was required to take issue, or any other new plea should be tendered, the same shall be rejected, and the trial be confined and restricted to the issue which was made at the first trial, unless the new matter of defence pleaded arose subsequent 'to the order granting a new trial.
The judgment was as follows:
The court-is of opinion, for reasons stated in writing and filed with the record, that the county court of Pittsylvania should have confined the parties in the new trial to the issue that was made up at the previous trial in the circuit court of said county in conformity with the order of said court, and that the said county court erred *254 in admitting the defendants to plead new matter which was not in issue in the former trial, the same not having subsequent thereto; and, therefore, that the circuit court of Richmond erred in affirming said j udgment of ^ie county court of Pittsylvania. It is therefore considered by the court that the judgment of the circuit court of Richmond be reversed and annulled, and that the defendants in error do pay to the plaintiff in error his costs expended in the prosecution of his writ of error here. And the cause is remanded to the circuit court of the city of Richmond, with instructions to reverse the judgment of the county court of Pittsylvania, with costs, to set aside the issues made upon the pleas of discharge in bankruptcy filed by the defendants severally, and award a venire facias de novo to try the cause again, either at its own bar or in such court as it may be deemed proper to remove the cause; and upon such trial the parties shall be confined to the issue which was made upon the record, and tried at the first trial before the circuit court of Pittsylvania county; and if the defendants shall again offer their pleas of discharge in bankruptcy, or any pleas of new matter of defence, the same shall be rejected, unless the new matter of defence pleaded shall have arisen subsequent to the order of the cii’cuit court of Pittsylvania county granting a new trial; which new matter, if any, they may be allowed to plead, if in form and substance it be matter proper and sufficient to be pleaded post darrein continuance, in bar of the plaintiff’s action; and further to proceed with the cause in conformity with this order and the opinion filed with the record.
Judgment reversed.